BISSELL (DRAPER v.). See Case No. 4,-068.

---

## Case No. 1,446.

### BISSELL v. FARMERS' & MECHANICS' BANK OF MICHIGAN.

[5 McLean, 495.][1]

Circuit Court, D. Michigan. June Term, 1853.

SPECIFIC PERFORMANCE — STATUTE OF FRAUDS — WITNESS—COMPETENCY—INTEREST.

1. The brother of the complainant owed the defendant a debt exceeding five thousand dollars, for which he had given a mortgage on certain lands in Ohio, and a lien on twenty-two shares of railroad stock in the Erie and Kala-

[1] [Reported by Hon. John McLean, Circuit Justice.]

mazoo road. The bank proposed to its debtor, Edward Bissell, that he should substitute mortgages on property in the state of Michigan for the Ohio mortgages. The debtor proposed to give the bank a mortgage on a farm in Lenawee county, which was owned by his brother, the complainant, but the title was held in trust by Edward. The bank acceded to the proposition, and a mortgage was executed by the complainant and his brother. And it was afterwards agreed that so soon as a claim, under an attachment, should be removed from the Lenawee farm, a deed should be executed for it to the bank, and the bank should transfer to the complainant the Ohio mortgages, and transfer the railroad stock. The substance of this agreement was drawn up in writing, and was left, with other papers, in the hands of Mr. Walker, to be delivered to the respective parties, on the embarrassment on the title being removed. A motion was made to set aside the attachment, which failed. On this, Mr. Walker delivered up the papers. The bank afterwards applied to be put in possession of the farm, to defend the suit against the attachment claim. On which defense the claim was held void. The bank remains in possession, receiving rents and profit. The complainant filed his bill for a specific performance. The court decreed a specific performance—requiring complainant to pay costs on attachment and ejectment.

2. Also that the statute of frauds does not apply.

3. That Edward Bissell was a competent witness, &c.

[See Harrison v. Evans, Case No. 6,135; Scott v. The Plymouth, Id. 12,544; Stump v. Roberts, Id. 13,561.]

[In equity. Bill for specific performance by Leverett Bissell against the Farmers' & Mechanics' Bank of Michigan. Decree for complainant.]

Mr. Campbell, for complainant.

Barstow & Lockwood, for defendant.

OPINION OF THE COURT. This is a bill for a specific performance. In May, 1838, Edward Bissell, a brother of the complainant, being indebted to defendant in the sum of $5,634 21, gave a mortgage on certain property in Toledo, and a pledge of stock in the Erie and Kalamazoo Railroad Company. In December of the same year, the defendants being anxious to have Michigan securities, as they represented, rather than the securities on Ohio property, proposed to Edward Bissell to give them security on a farm in Lenawee county, Michigan, which was held in his name, but which belonged to complainant, and was held in trust for him by Edward. That Edward Bissell informed the agents of the bank, John A. Wells, the cashier, and Henry N. Walker, that the title to the above land was as stated, but that he thought his brother would agree to let him mortgage it for the debt due the defendant, if defendant would assign to him the other securities, the Ohio mortgage and stock, in exchange. The bill further states that defendants, by their agent, agreed to the proposition, as soon as it could be ascertained that a valid title could be made for the farm, on which an attachment against Edward Bissell had been laid, the validity of which was in dispute, and, accordingly, a mortgage

was made and delivered to defendant. And it is stated that defendant further agreed, that if the attachment proceedings could be set aside or declared void, they would receive the fee of the Lenawee farm, and transfer the securities above stated. That in pursuance of this agreement a deed in fee was made, afterward, in due form, for the farm, and placed as an escrow, in the hands of Henry N. Walker, to be delivered to defendant whenever the attachment proceedings should be set aside or declared void. At the same time, with the deposit of this deed, the defendant executed an agreement in writing, and put it in Mr. Walker's hands, agreeing to transfer the securities named to complainant, in case the title to the Lenawee farm should prove good, and deposited as an escrow, at the same time, the necessary transfers and papers to be delivered to complainant in that event. After this motion was made to set aside the attachment proceedings in the name of Edward Bissell, the defendant, which failed; and immediately afterward the defendant applied to Mr. Walker for a return of the papers, and he, supposing that the matter would not be further litigated, delivered them up to the bank, and the deed he destroyed or returned to Edward Bissell. Subsequently, and by advice of counsel, defendant determined to make another effort to try the validity of the attachment, and applied to complainant to be put in possession of the farm, and the possession was given to the bank. An action of ejectment was brought against it on the title obtained under the attachment, and the case, by writ of error, was carried to the supreme court of the state, and that court held the attachment proceedings were void, by which the title made to the defendant was valid. After this procedure the complainant alleges that he repeatedly offered to make to the defendant a full and perfect title to the Lenawee farm, and requested from the bank a transfer of the Ohio mortgage and the railroad stock, and in all things to carry out the agreement on his part; but the defendant refused, although it retained possession of the farm, and for several years has enjoyed the rent and profit. And a specific execution of the contract is prayed.

The defendant denies that the complainant had any interest in the Lenawee farm, and alleges that the claim was set up to save the property from Edward Bissell's creditors. The giving of the mortgage is admitted by Edward, but he denies the conditions—the attachment is admitted, &c. Defendant neither denies nor admits the placing of the deed for the farm as an escrow, but denies the placing of the agreement in the hands of H. N. Walker, to transfer the Ohio and railroad security. Denies the application, as charged, for the papers, admits the possession, the action of ejectment, and the decision of the court, as stated in the bill. Answer admits that Edward Bissell stated the nature of the title to the farm, that defendant has refused, as charged, admits rents, &c. Defendant states that being dissatisfied with the Ohio securities and railroad stock, it caused Edward Bissell to be arrested in New York, and that the mortgage on the Lenawee farm was given in consideration of a discontinuance of the suit, and the release of Bissell from arrest. That defendant has paid taxes on the Ohio lands, and counsel fees on the ejectment suit. That the Lenawee farm has depreciated, and is not full security for the money and interest due.

As the decision of the case turns upon the testimony, about which the counsel differ, it is necessary to give a condensed statement of it: Edward Bissell says, about the 9th of December, 1836, he was requested by the cashier of the Farmers' and Mechanics' Bank to furnish securities for the payment of the above debt, situated in the state of Michigan. The cashier expressed dissatisfaction with the security given on property in the state of Ohio, and preferred property in Michigan. The witness informed the cashier that there was a farm in Lenawee county, state of Michigan, to which the witness held the title as trustee to his brother, Leverett Bissell, the complainant. That he presumed his brother would consent, that said farm should be pledged to the bank, on condition that it would transfer to him the securities which it then held for the payment of the debt. A negotiation was finally concluded between the witness and the cashier on that basis, or upon the understanding, that when the bank should recover an unembarrassed title to the Lenawee county farm, it should receive the same in full payment of the debt, and transfer to his brother Leverett the mortgages on the city lots and tracts of land in Ohio, and the stock in the Erie and Kalamazoo Railroad. This understanding was reduced to a written agreement, and signed by the cashier, and deposited with Mr. Walker, the attorney for the bank, as an escrow. In pursuance of said understanding, subsequently a deed was executed by the witness and his brother, Leverett Bissell, and his wife, for the land in Lenawee county, to the bank, and was deposited with Mr. Walker. An assignment was also executed by the bank of the mortgage and railroad stock above stated, which was also deposited with Mr. Walker as an escrow. The consummation of the contract was postponed until the validity of a claim under an attachment, which had been laid on the property, could be ascertained. The witness had no interest in the Lenawee farm, but held it simply in trust for his brother. The witness executed a mortgage on the same to the bank. On cross-examination, the witness corrected his memory as to the time the written agreement was entered into, which was sometime after the parol agreement. Mr. Walker states that sometime after the execution of the Lenawee

mortgage, and before the complainant had recognized the validity of said mortgage, a negotiation was entered into between the complainant and defendant to the effect that, if the attachment which had been laid upon the farm could be set aside, so as to make the title to the said land good, then the defendant would, upon the complainant's releasing all equity of redemption in said land, transfer to him the mortgage or mortgages on the lots in Toledo, and the lands near that place, and assign and transfer the railroad stock taken of said Edward Bissell. This agreement was reduced to writing, and signed by the bank and the complainant. The complainant executed a deed with Edward Bissell, in whom was the fee of said land in Lenawee county, conveying the same to the bank. Assignments were prepared in due form, which either were or were to be executed by the bank, as soon as the validity of the attachment could be decided. All these papers were placed in the hands of the witness as escrows, to be delivered to the proper parties on the conditions stated. Witness thinks the written agreement was executed some eighteen months or two years after the original agreement. Mr. Wells, the cashier, states that it was agreed that Edward Bissell should, at his own expense, remove the attachment and perfect the title to the farm, upon doing which the bank agreed to assign the mortgages upon the lands in Ohio to Leverett Bissell, the complainant. This agreement was one or two years after the mortgage on the Lenawee farm was executed. The witness says that about the month of March, 1842, assignments of the Toledo mortgage and of the twenty-two shares of railroad stock were prepared in form, but not executed, and also a memorandum or stipulation setting forth the agreement as before recited, as near as witness can recollect—the latter, the witness thinks, was executed, and his impression is that all these papers were left in the hands of Henry N. Walker, the attorney of the bank, for the purpose of being surrendered to the complainant, upon the title of the Lenawee farm being freed from all embarrassment. The attachment, it is proved, was the only embarrassment in the title. When the motion to set aside the attachment failed, Mr. Walker gave up the papers, supposing that no further efforts would be made. But, afterwards, on application, the bank was put in possession of the premises, and in the supreme court, the title under the attachment was held to be void. The facts in the bill are substantially proved by the evidence. In his cross-examination, Edward Bissell corrected his memory, as to the time the papers were prepared and placed in the hands of Henry N. Walker, as escrows. This was merely a matter of time, and does not, in the least, affect the credibility of the witness. All the witnesses agree that the bank was desirous of exchanging its Ohio securities for a lien upon real property in Michigan. And it was agreed that a mortgage should be taken on the Lenawee farm, in Michigan, and that so soon as the title to it was cleared of all embarrassment, the arrangement should be perfected, by a deed for the farm, and a transfer of the Ohio securities and the railroad stocks to the complainant.

There is no force in the objection, that the Lenawee farm was not identified. For aught that appears, the name might have been a sufficient identification. But it was the farm on which an attachment had been laid, as the property of Edward Bissell; and, in addition to this, the bank was put in possession of the farm, on its own application, and has remained in possession ever since, enjoying the rents.

Nor is there any difficulty as to the election of Leverett Bissell, the complainant. The title to the Lenawee farm was held by his brother Edward, in trust for him; he united in the mortgage, and in the deed that was placed in the hands of Mr. Walker, as an escrow, and in addition to these acts, he has filed this bill, praying a specific execution of the contract.

The principal ground assumed is, that the original contract was limited to a certain time, within which the arrangement was to be completed, which has long since transpired, and that, consequently, the complainant is not entitled to a specific execution of the contract. In the first place, the evidence does not prove such a limitation, and if it did, the subsequent acts of the bank showed that it was waived. After the motion failed to set aside the attachment, at the instance of the bank, and by the advice of its counsel, it was put in possession of the farm, to try the validity of the title under the attachment. This, it is said, must have been under a new agreement, different from that set forth in the bill. This is a mere supposition against the nature and extent of the agreement proved. The agreement was, that the deed should be delivered, and the transfer, as soon as the title to the farm should be clear of dispute. And, it is admitted, there was no objection to the title, except the claim under the attachment. Now the agreement to have the title made clear, not only embraced the motion to set aside the attachment, but also the other steps taken by the bank in entering into the possession, and defending the title against that founded upon the attachment. This course was successful, and it was clearly within the agreement as proved. Why then should a supposition be raised, that this proceeding was under a different contract from that proved?

But the statute of frauds is interposed, to defeat the complainant's bill, on the ground that the agreement was not in writing. The substance of the agreement was in writing, as proved by the cashier

of the bank. The transfers of the Ohio mortgages, and of the railroad stock, by the bank, were prepared and placed in the hands of Mr. Walker, but were not executed, as the cashier of the bank states; but he says a "memorandum, or stipulation, setting forth the agreement with Bissell, as before recited, as near as witness can recollect, was executed."

Now it must be observed that the complainant consented to relinquish the Lenawee farm, provided the mortgage on the Ohio real property and the twenty shares of railroad stock should be transferred to him. The bank has the advantage of this exchange, is in possession of the farm, enjoying the rents and profits, and it would seem that, having realized the contemplated advantage of an exchange of the securities first taken, by a surrender of the right of the complainant to the Lenawee farm, it would be inequitable to withhold from him the consideration on which he sanctioned the exchange. The agreement in writing was delivered up by Mr. Walker, to the bank, on the failure of the motion to set aside the attachment. The bank, or its agent, is presumed to have possession of this paper. The agreement, as proved, being substantially in writing, the statute of frauds can have no application to the case, and the objection is limited to the parol proof of an agreement in writing.

Parol proof was properly heard of the agreement to explain the first mortgage and show the nature of that transaction. And in regard to the parol proof of the contents of the written agreement, without calling on the defendant to produce it, is an objection to the competency of evidence. And here it may be proper to remark, that the objection, on the argument of the case, is made too late. The defense was, that there was no written agreement, and when the evidence overcame this objection, by proving the contract in writing, it is objected that before this can be done, there should have been a notice to produce the writing served on the bank. This objection should have been made when the parol evidence was offered. No such objection appears to have been made at that time, but it is urged on the hearing, when the complainant has no means of removing the objection by a continuance of the cause, or giving notice to produce the paper. It would be a surprise on the party to withhold the objection when the parol testimony was offered, and urge it on the hearing. We suppose that on this ground alone the objection must be overruled.

But there are other reasons. The delivery of the written agreement to the bank, by its agent, Mr. Walker, was premature, as is shown by the further and successful opposition of the bank to the attachment title. This, as has been shown, was within the agreement, and the removal of the title under the attachment was the condition on which the papers in the hands of Walker were to be delivered, fully executed. The papers, therefore, surrendered by Mr. Walker, to the bank, through mistake, have been wrongfully withheld by the bank. Under such circumstances it may well be doubted whether, if the objection to the parol proof had been made when it was offered, it could have been / sustained. The written agreement being in possession of the bank or its agents, the contents must be presumed to be known to it, and, consequently, the parol proof can cause no surprise. "The rule which requires that a party shall have previous notice to produce a written instrument in his possession, before the contents can be proved as evidence in the cause, has been made with good reason; in order that the party may not be taken by surprise, &c. But this reason will not apply to cases where, from the nature of the proceedings, the defendant has notice that the complainant means to·charge him with the possession of the instrument." 4 Phil. Ev. 441. As against the statute of frauds the defendant could not but know the written agreement proved would be relied on. In this view, this agreement must be considered as the foundation of the action. But this agreement has been substantially executed. A valid mortgage has been executed to the bank on the Lenawee farm to secure the debt due to it by Edward Bissell, and for some years the bank has been in possession of the farm, enjoying its rents and profits. Here is a writing which explains the nature of the transaction. This security was received on the application of the bank, on the condition that the relinquishment of the Ohio lands and the railroad stock should be made to the complainant by the bank. This was the consideration on which the complainant relinquished to the bank the Lenawee farm. For all the purposes of the debt, the bank has received the farm, and shall it take refuge under the statute of frauds, and refuse to pay the consideration? This would make an application of the statute, in violation of its language and intention. It would, in fact, protect fraud. Can an individual purchase a farm, and secure the right to it, and then refuse to pay for it, because the contract is not in writing? The contract is executed. The consideration may be proved by parol. The assignment of the securities, in this case, is no more than the indorsement of the notes for the mortgaged money, which carries with it the mortgage as an incident, and the transfer of the stock is personal property. In no point of view can the statute of frauds avail the bank, as set up in defense.

The objection to Edward Bissell as an incompetent witness is the only point now to be considered. And it may be remarked that, however this may be decided, it can not affect the decision of the case. The material facts are sufficiently established by the testi-

mony of the cashier of the bank and Mr. Walker. Edward Bissell owes the bank, and if the Lenawee farm shall be received by the bank he will owe his brother. In this view he has no interest that would go to his competency. It is only a question whether he shall owe the one party or the other. If the Ohio securities should be retained by the bank, and also the railroad stock, to satisfy any balance on the bank debt, after the sale of the Lenawee farm, his debt to his brother would be increased, as the property named would not be applied in discharge of it. In this view, the decree in this case would increase or lessen the debt of the witness to the complainant. But at the same time it would lessen or increase in the same proportion, his balance due the bank. In this respect there would be no preponderance of interest in the witness. Upon the whole, his testimony will not be excluded.

The equity of the complainant is sustained by the evidence, and he is entitled to a decree. It is therefore ordered and decreed, that the plaintiff shall execute a good and sufficient deed of general warranty to the bank for the Lenawee farm, in payment of the debt secured by the mortgage dated 25th December, 1830; and that defendant pay the costs of this suit. It is further decreed that the defendant shall assign the mortgage on the Ohio property, dated 18th May, 1838, and the note secured thereby shall be delivered up to the plaintiff; also, that the twenty-two shares of stock in the Erie and Kalamazoo Railroad shall be transferred by the defendant to the plaintiff. It is further ordered and decreed, that the complainant shall pay to the defendant, the amount of counsel fees and other costs in resisting the attachment and defending the action of ejectment, mentioned in the bill of complaint.